# BURKE, MIELE & GOLDEN, LLP

30 MATTHEWS STREET
SUITE 303A
POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080

FAX (845) 294-7673

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE

DENNIS J. MAHONEY, III
KELLY M. NAUGHTON**
KARIN T. ANTIN

JOSEPH P. MCGLINN (1941-2000)

* ADMITTED IN NEW YORK & NEW JERSEY
** ADMITTED IN NEW YORK & MASSACHUSETTS

ROCKLAND COUNTY OFFICE:
100 WASHINGTON AVENUE
POST OFFICE BOX 397
SUFFERN, N.Y. 10901
(845) 357-7500
(845) 357-7321 (FAX)

REPLY TO:  ☐  ORANGE CO.
           ☐  ROCKLAND CO.

Respond to Post Office Box

July 7, 2008

John Collins, Esq.
Assistant United States Attorney
300 Quarropas Street, 3rd Floor
White Plains, NY 10601

**Via Facsimile (914) 993-1980**

Re:   U.S. v. James Curley
      08 CR 0404 (SCR)

Dear John:

This is to request that you make available to me all materials and information which the government must disclose pursuant the Federal Rules of Criminal Procedure, Federal Rules of Evidence and case law.

**(1) Statements**

(a) **Defendant's Written or Recorded Statements [FRCrP 16(a)(1)(B)].** (1) Any relevant written or recorded statement by the defendant within the possession, custody or control of the government that are known to you, or through due diligence may become known.

1. Any handwritten notes of any law enforcement personnel from the interview sessions of James Curley.

2. Any paperwork, notes, reports, statements regarding a cooperation agreement, plea agreement, safety valve statement(s), proffer statement(s), post arrest statement(s) grand jury testimony and investigative police or agent paperwork relating to any prior police/federal government investigation involving James Curley.

3. Any paperwork notes, reports, statements, pre/post arrest statements proffer statement, cooperation agreement in relation to this case.

4. Any relevant oral, written or recorded statements alleged to have been made by the defendant, including but not limited to the original notes of the agents and other law enforcement officials concerning any such statements.

    **(b)**   **Defendant's Oral Statements [FRCrP 16(a)(1)(A)].** The substance of any oral statements made by the defendant whether before or after interrogation by any person then known by the defendant to be a government agent or law enforcement officer that the government intends to use in any manner at trial regardless of whether any written record of the statement exists. In the event the government intends to use such an oral statement at trial, I request that it be reduced to writing and produced. This request includes the substance of the defendant's response to *Miranda* warnings.

I request that, in responding to this request for defendant's oral statements, you ask each law enforcement agency involved in investigating or prosecuting this case to search its files for responsive information.

**(2)**   **Documents, Data and Objects**

    **(a)**   **Material To Preparing A Defense [FRCrP 16(a)(1)(E)(i)].** Inspection, copying or photographing of documents, data or tangible objects within the possession, custody or control of the government and are material to the preparation of the defense. Separately identify any materials the government intends to use at trial in-chief.

All books, papers, documents, photographs, tangible objects in the possession of the government which are material to the preparation of the defense or are intended for the use by the government on its case it chief or were obtained from any defendant including but not limited to:

    a. all items obtained from the defendant, including an opportunity to inspect and copy.

        i. Every item physically seized from James Curley;

        ii. Any items of physical evidence which was seized by law enforcement officials or anyone cooperating with law enforcement officials from James Curley;

    b. Specifically, whether you intend to offer in evidence any property seized from the defendant James Curley his vehicle, home or place of business.

2

   c. Please indicate the tape(s) recordings that the government intends to play at trial on the government's case in chief;

   d. A copy of all transcripts of any tapes;

   e. If any tapes have been enhanced, please provide a copy of the enhanced tape and any report or reports or notes of the person or agency who worked on such enhancement;

   f. All electronic eavesdropping applications, affidavits and orders for the interception of communications over the telephone or otherwise;

   g. All videotapes, video stills, photographs or motion pictures obtained by law enforcement officials in this case including the so called surveillance photographs or videotapes;

   h. the original notes or summaries of all law enforcement officials concerning this case;

   i. any recorded telephone calls, emails, text messages, pager or facsimile transmissions;

   j. any tape recording conversations between government confidential informant(s) and/or any other cooperating witness or law enforcement officials or undercover officers and the defendant or co-conspirators not already disclosed;

   k. any photos, photo arrays, or line-ups or records relating to conducting of any sort of identification procedure by law enforcement officials;

   l. the daily log sheets of any interceptions and the reports provided by you or another Assistant United States Attorney pursuant to any judicial order for electronic eavesdropping;

   m. Any financial records the government has obtained from the defendant or those financial institutions utilized by the defendant;

   n. Any and all prior internal affairs investigation, disciplinary proceeding, civil lawsuit arising out of defendant's performance as a law office personnel.

   o. Any and all documents from the Rockland County Family Court in the Government's possession.

p. In particular, provide medical/psychiatric/counseling records in relation to the claim that defendant's actions caused substantial or serious emotional distress to the victim.

q. All promises, understandings, or agreements whether oral or in writing between the prosecution and its agents and persons the government intends to call as witnesses including any agreements that such persons will be permitted to remain in the United States in exchange for their cooperation with this or any other prosecution;

r. Any efforts on the part of the government and its agents to aid or obtain any benefits to persons the government intends to call as a witness;

s. All requests or complaints made to the government by a witness which could arguably be developed on cross examination to demonstrate any hope or expectation on the part of the witness for favorable governmental action or which is reflective of any bias in favor of the government;

t. Any material or information which is reflective of any bias or hostility of any witness against the defendants or any other material impeachment evidence;

u. Any evidence that the prosecution witness was suffering from any physical, mental or emotional disturbance, drug addiction or alcoholism;

v. Any lie detector reports, whether oral or written, relating to tests administered to a prosecution witness;

w. Any evidence of prior bad acts and or criminal conduct- state or federal or foreign- of any witness and a copy of such person's criminal history records.

x. The pay received by any confidential informants or cooperating witnesses the government expects to call as witnesses, including payments to or on behalf of the family members of the witnesses;

y. Any evidence showing the informants were paid cash by the government or its agents;

z. Any contracts or agreements with the informants showing that they were promised a commission for each targeted individual prosecuted;

aa. Identify the specific dates, times and locations of the purported criminal conduct as the two month period (August 2006 through October 2006) in the three counts of the indictment this two month period does not adequately inform the defendant of the nature and cause of the charges in order to provide a sufficient opportunity to prepare his defense.

    bb. In Count Two of the indictment identify the date(s) and location(s) of where the defendant purportedly followed the Victim from New York to New Jersey and placed the Victim in fear by attempting to force the Victim's car to stop on a road and by stalking the Victim in New Jersey.

    cc. In regard to Count Three provide all copies of the order of protection and any modifications made by the Rockland Family Court to the order of protection.

    **(b)**     **Material Government Intends To Use In-Chief [FRCrP 16(a)(1)(E)(ii)].** Produce or otherwise make available all documents, data and tangible objects, including tape recordings and transcripts, which the government intends to use as evidence in-chief. In this regard, produce any index or working exhibit list of items you intend to introduce at trial. Provide notice of the government's intention to use any evidence in-chief discoverable under Rule 16 which the defense may seek to suppress [FRCrP 12(b)(4)(B)].

    **(c)**     **Obtained From or Belonging To Defendant [FRCrP 16(a)(1)(E)(iii)].** All materials obtained from or belonging to the defendant that are within the possession, custody or control of the government regardless of how obtained or the identity of the person who obtained them.

**(3)**     <u>**Reports of Examinations and Tests [FRCrP 16(a)(1)(F)]**</u>.

    Results or reports of physical or mental examinations, and scientific tests or experiments within the possession, custody or control of the government or by the existence of due diligence may become known to you, and material to the preparation of the defense or are intended for use by the government as evidence in chief at trial. In the event the results of any scientific tests were reported orally to you or to any government official or law enforcement officer, I request that you cause a written report of the results to be made and produced. In complying with this request, please contact any law enforcement agency involved in the investigation or prosecution of this case to determine whether relevant examinations or tests were conducted, and, if so, produce the results or reports. It is specifically requested that any polygraph examination of any witness be provided. It is further requested that the medical/psychiatric/counseling records of the victim be provided.

**(4)**     <u>**Expert Witnesses [FRCrP 16(a)(1)(G)]**</u>

    In the event you intend to offer any expert testimony under the Federal Rules of Evidence through any witness, including a government agent or employee or law enforcement officer. I request that you prepare and produce a summary of the witness' opinion testimony, the grounds or basis for any such opinion testimony and the qualifications of the expert witness.

In adddition identify any medical/psychiatric/or counselor the government intends on calling at trial and provide their reports.

### (5) Other Offense Evidence [FRE 404(b)]

I request notice of any "other offense" evidence you intend to introduce in your case in-chief. At the time you identify any "other offense" evidence you intend to offer in rebuttal, please produce and identify such evidence separately.

### (6) Summary Witness or Charts [FRE 1006]

In the event you intend to call a summary witness at trial or present evidence in the form of a chart, I request production a reasonable time prior to trial of all of the original documents or tape recordings on which such testimony or chart is based.

### (7) Brady/Giglio Material

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), produce sufficiently in advance of trial any exculpatory evidence material to guilt or punishment, including impeachment evidence or information. Should you have a question with regard to whether certain information constitutes *Brady/Giglio* material, or when it must be produced, I request that you present the information to the court, with notice to me, for review *in camera* to resolve these issues.

If you believe that any *Brady/Giglio* material is also Jencks Act material I request that you present it to the court for *in camera* review and advise me of the general nature of the evidence. However, I request that you produce prior to trial all *Brady/Giglio* material that is not covered by the Jencks Act.

In this particular case after the last Court conference your office faxed to defense counsel a letter indicating that Edward Holland "may have information that is material to the guilt of Mr. Curley." While we appreciate that you have recognized your obligation under *Brady* you did not indicate what the information is that you believe is "material to the guilt of our client." We ask that you provide the specific information that your office believes may be *Brady*.

### (8) Jencks Act Material

I request pretrial production of Jencks Act material within a reasonable time prior to the day of a witness' direct examination.

### (9) Sentencing Information

The Sentencing Commission has encouraged prosecutors prior to the entry of a plea of guilty to disclose to a defendant the facts and circumstances of the offense and offender characteristics, then known to the prosecuting attorney, that are relevant to the application of the sentencing guidelines. U.S.S.G. §6B1.2, p.s. comment. To insure that my client can make an

6

informed and intelligent decision regarding the possible or probable consequences of pleading guilty or requesting a trial, I request that you advise me of any facts and circumstances presently known to the government or reasonably discoverable, that relate to sentencing issues under the sentencing guidelines, or to calculation of the applicable sentencing guideline range, should my client be convicted of any one or more of the charges in the indictment.

More specifically, I request that as soon as possible you provide me with the following information as to this case:

- What guidelines does the government contend are applicable?
- What aggravated offense characteristics, if any, does the government contend are applicable?
- What adjustments, if any, does the government contend are applicable?
- Upon what grounds, if any, will the government seek a departure from the guidelines?
- What criminal history category does the government contend is applicable?

I am requesting any information that would bear upon computation of the following sentencing and guideline factors:

- Base offense level
- Specific offense characteristics
- Relevant conduct
- Adjustments or criminal history

I also request any *Brady* information that is favorable to my client and material to the court's determination of a sentence under the sentencing guidelines in the event of a plea of guilty or conviction.

Pursuant to your continuing duty to disclose information [FRCrP 16 (c)], immediately advise me of new information as it becomes available. If you have any questions regarding the nature of the requests contained in this discovery letter, please contact me. I look forward to your response.

Very truly yours,

MICHAEL K. BURKE

Cc: Honorable Stephen C. Robinson (Via Facsimile (914) 390-4179)

7

TRANSMISSION VERIFICATION REPORT

```
TIME    : 07/07/2008 17:07
NAME    : BURKE MIELE GOLDEN
FAX     : 8452947673
TEL     : 8452944080
SER.#   : 000H5J653436
```

```
DATE,TIME              07/07 17:05
FAX NO./NAME           19149931980
DURATION               00:02:20
PAGE(S)                07
RESULT                 OK
MODE                   STANDARD
                       ECM
```

```
                    TRANSMISSION VERIFICATION REPORT

                                       TIME    : 07/07/2008 17:11
                                       NAME    : BURKE MIELE GOLDEN
                                       FAX     : 8452947673
                                       TEL     : 8452944080
                                       SER.#   : 000H5J653436


    DATE,TIME                    07/07 17:09
    FAX NO./NAME                 19143904179
    DURATION                     00:02:18
    PAGE(S)                      07
    RESULT                       OK
    MODE                         STANDARD
                                 ECM
```