# BURKE, MIELE & GOLDEN, LLP

40 MATTHEWS STREET
SUITE 209
POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080

FAX (845) 294-7673

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE

DENNIS J. MAHONEY, III
KELLY M. NAUGHTON**
JENNIFER ECHEVARRIA

JOSEPH P. MCGLINN (1941-2000)

* ADMITTED IN NEW YORK & NEW JERSEY
** ADMITTED IN NEW YORK & MASSACHUSETTS

ROCKLAND COUNTY OFFICE:
100 WASHINGTON AVENUE
POST OFFICE BOX 397
SUFFERN, N.Y. 10901
(845) 357-7500
(845) 357-7321 (FAX)

REPLY TO:  ☐  ORANGE CO.
           ☐  ROCKLAND CO.

Respond to Post Office Box

April 17, 2009

Hon. Stephen C. Robinson
United States District Court Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

                Re:    U. S. v. James Curley
                      08 Cr. 404

Dear Judge Robinson:

      Please allow this letter to serve as James Curley's motion pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. This motion is made on the general ground that the prosecution has failed to present sufficient proof on each and every element of every count set forth in superceding indictment S1 08 Cr. 404 (SCR) from which a juror could conclude, beyond a reasonable doubt, that James Curley is guilty of those crimes as to which a guilty verdict was returned. Without limiting this general challenge to the verdict in this case, we set forth the following specifics.[1]

### a.) The jury's verdict: Count One

      Count One of the indictment charged a violation of 18 USC § 2261 A(2)(A). It alleged that, between August and October of 2006, James Curley used a GPS tracking device to engage in a course of conduct which caused Linda Curley severe emotional distress and which placed her in reasonable fear of death and serious bodily injury. The jury was given interrogatories pertaining to the differing intents which James Curley may have had and pertaining to the effect of James Curley's conduct on Linda Curley's mental state. The jury found that James Curley did not intend to kill or injure Linda Curley; nor did he intend to place Linda Curley under surveillance with the intent to kill or injure her. The jury found that James Curley's intent was to

---

[1] Our firm will not be acting as appellate counsel. We therefore do not wish to constrain the presentation of any issue to the Appellate Court.

harass and intimidate Linda Curley. This course of conduct, the jury found, caused Linda Curley substantial emotional distress and, although it found that this was not James Curley's intent, the jury found that James Curley's course of conduct placed Linda Curley in reasonable fear of death or serious bodily injury.

In fact, there was no proof presented to the jury that the GPS data was used by James Curley for any purpose other than to visit an auto body shop on October 9, 2006 in Emerson, New Jersey to which Linda Curley's immobilized car had been towed after it had been involved in an accident. At the time James Curley went to ths auto body shop, Linda Curley was not present. The proof was that she was at work, miles away from Emerson, New Jersey. Under the evidence presented in this case, no other conduct of James Curley can have been attributed to the use of a GPS device by James Curley. It could not have been used to harass or intimidate Linda Curley.

The proof in this case also showed that Linda Curley never knew of the existence of the GPS device until after it had been deactivated. During the entirety of the brief period of time that Linda Curley's movements were traced by the GPS device, Linda Curley never knew that it was functioning. There was no reasonable basis for a finding that the use of a GPS device by James Curley caused Linda Curley severe emotional distress or to fear death or serious bodily injury because, among other reasons, she never knew of its existence until it was inoperable.

**b.)   The jury's verdict:  Count Two**

Count Two alleged a violation of 18 USC § 2261 A(1). It charged that, on October 9, 2006, James Curley, with a forbidden intent and using data from a GPS device, travelled in interstate commerce. The jury found, again, that James Curley's intent on October 9, 2006 was simply to harass and intimidate Linda Curley. There was no evidence, however, that James Curley knew – or even that he could have known – that Linda Curley would be present at the location in New Jersey (the body shop) to which he travelled on October 9, 2006 and of course, the proof was that she was not there.

**c.)   The jury's verdict:  Count Three**

Finally, Count Three of the indictment alleged a violation of 18 USC 2262 (a)(1). This charge is grounded in an Order of Protection issued by the Rockland County (N.Y.) Family Court. The Rockland County Family Court had issued an Order of Protection that essentially provided that James Curley was not to "stalk, harass, menace, recklessly endanger and intimidate" Linda Curley. (This order was not a "stay away" order. That is, it did not prevent James Curley from being in the presence of Linda Curley.) The jury found that, on October 9, 2006, James Curley had, in fact, stalked and harassed Linda Curley. However, on that date, Linda Curley was not anywhere near where James Curley was. Under state law (and New Jersey law as well) his conduct cannot have amounted to stalking or harassment. There was no violation of any Order of Protection.

We respectfully request that the Court enter a Judgment of Aquittal pursuant to F. R. Crim. P. Rule 29(c).

Very truly yours,

Patrick T. Burke

PTB:vc
c:    Katherine Martin, Esq.,
      Assistant United States Attorney

      James Curley