UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JAMES CURLEY,

          **Defendant.**

S1 08 Cr. 404 (SCR)

MEMORANDUM DECISION
AND ORDER

---

**STEPHEN C. ROBINSON, United States District Judge.**

    James Curley was convicted by a jury of two counts of stalking, in violation of 18 U.S.C. §§ 2261A(1)-(2), and one count of interstate violation of a protection order, in violation of 18 U.S.C. § 2262. Mr. Curley has filed a motion for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Civil Procedure.

    Under the Rule 29, the Court may set aside a jury's guilty verdict and enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. FED. R. CRIM. P. 29; *United States v. Leslie*, 103 F.3d 1093, 1100-01 (2d Cir. 1997). A defendant who seeks a reversal of her conviction "on the ground of insufficiency of the evidence bears a heavy burden." *United States v. Concepcion*, 983 F.2d 369, 382 (2d Cir. 1992). The Court must view "the evidence in the light most favorable to the Government and draw[] every inference in the Government's favor." *United States v. Thompson*, 528 F.3d 110, 118 (2d Cir. 2008); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.") (emphasis in original). "The jury's verdict 'must be sustained if *any* rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt.'" *Thompson*, 528 F.3d at 118 (emphasis in original) (quoting *United States v. Salameh*, 152 F.3d 88, 151 (2d Cir. 1998) (per curiam)); *United States v. Triumph Capital Group, Inc.*, 544 F.3d 149, 158 (2d Cir. 2008).

## I.

Count One charged Mr. Curley with using data from a global positioning system ("GPS") device that had been surreptitiously placed on Linda Curley's car to surveil her in Emerson, New Jersey, and thereby causing her substantial emotional distress and placing her in reasonable fear of death or serious bodily injury. Mr. Curley contends that the proof as to this count was deficient because the evidence at trial established that on October 9, 2006—the date that Mr. Curley went to the auto body shop where Linda Curley's car was located—Linda Curley was not near the auto body shop, and therefore the GPS device could not have been used to harass or intimidate her. Furthermore, Mr. Curley argues, the evidence established that Linda Curley never knew of the GPS device until it had been deactivated. As a result, Mr. Curley submits that the jury had no reasonable basis for finding that his use of the GPS device caused Linda Curley substantial emotional distress or placed her in reasonable fear of death or serious bodily injury.

Mr. Curley's argument is without merit. The jury was presented with ample evidence from which it could have reasonably concluded that Mr. Curley intended to harass or intimidate Linda Curley. The jury was presented with copious evidence of Mr. Curley's abusive, harassing, and intimidating conduct toward Linda Curley. Mr. Curley's conduct included threatening to kill Linda Curley and leave her body lying in a pool of blood; telling her that he had found a place where he could kill her and no one would hear her scream; and repeatedly following Linda Curley after he filed for divorce.

The jury also was presented with evidence from which it could have inferred that Mr. Curley evinced consciousness of guilt when he went to the auto body shop on October 9, 2009. Richard Tuntigian, the owner of the auto body shop, testified that he saw Mr. Curley arrive early in the morning and linger in his car. Mr. Curley eventually left, but he returned a few hours later. After Tuntigian noticed the car for the second time, he approached Mr. Curley and asked him whether he needed help. Mr. Curley told Tuntigian that he needed an estimate for repair work for a car other than the one he had driven to the auto body shop. Tuntigian explained that he needed to see the car to prepare an estimate. Mr. Curley then stated that the car he was in also required work. Mr. Curley told Tuntigian that his name was "Jim Harris," and he altered the vehicle identification number that Tuntigian had previously written down. From this evidence, a jury could have reasonably concluded that Mr. Curley intended to harass or intimidate Linda Curley when he surreptitiously placed on her car a GPS device.

The jury also heard evidence from which it could have concluded that Mr. Curley's actions caused Linda Curley substantial emotional distress or placed her in reasonable fear of death or serious bodily injury. Linda Curley testified that, when she learned that the GPS device had been surreptitiously placed on her car, she was "terrified" and she "felt certain that [the GPS device] was put on so that he could—Jimmy was either going to kill me or have me killed." This evidence, combined with the abundant evidence of Mr. Curley's prior and concurrent abuse, harassment, and intimidation toward Linda Curley, would allow a jury to conclude, reasonably, that Mr. Curley's conduct caused Linda Curley substantial emotional distress or placed her in reasonable fear of death or serious bodily injury. There is no requirement that a victim know of the threat at the exact moment that the threat occurs. Linda Curley's discovery of the deactivated device, a jury reasonably could have inferred, confirmed to Linda Curley that Mr. Curley's

threats were serious and that he had the wherewithal to carry them out, thereby causing her substantial emotional distress or placing her in reasonable fear of death or serious bodily injury.

## II.

With respect to Count Two, Mr. Curley contends that he could not have acted with intent to harass or intimidate Linda Curley because there was no evidence that he knew or could have known that Linda Curley would be present at the auto body shop on October 9, 2006.

To prove a violation of 18 U.S.C. § 2261A(1), the Government must prove that Mr. Curley traveled in interstate commerce with intent to kill, injure, harass, or place under surveillance with intent to kill, injure, harass or intimidate Linda Curley, and that his conduct caused her substantial emotional distress. Based on the evidence introduced at trial, the jury reasonably could have inferred that Mr. Curley believed that Linda Curley would be at the auto body shop. The jury heard evidence at trial establishing that a GPS device was surreptitiously placed on Linda Curley's car and that Mr. Curley received the tracking information for that GPS device. On October 9, 2006, the GPS device indicated that the car on Chestnut Avenue in Emerson, New Jersey, and, indeed, Mr. Curley appeared at that same location on October 9. From this evidence, a jury could reasonably conclude that Mr. Curley went to the auto body shop because he was looking for Linda Curley as part of his plan to harass or intimidate her.

## III.

Finally, Mr. Curley submits that the Government presented insufficient evidence as to Count Three because, on October 9, 2006, he was not anywhere near Linda Curley and therefore his conduct could not have amounted to stalking or harassment.

Count Three charged Mr. Curley with interstate violation of a protection order, in violation of 18 U.S.C. § 2262(a). Section 2262(a) provides that, "[a] person who travels in interstate . . . commerce . . . with the intent to engage in conduct that violates the portion of a protection order that prohibits or provides protection against violence, threats, or harassment again, contact or communications with, or physical proximity, to another person, or that would violate such a portion of a protection order in the jurisdiction in which the order was issued, and subsequently engages in such conduct, shall be punished." From the evidence at trial, the jury rationally could have concluded that Mr. Curley's travel to the auto body shop on October 9, 2006, constituted stalking and harassment.

For the foregoing reasons, the Court denies Mr. Curley's motion. The Clerk of the Court is directed to close docket entry number 29.

*It is so ordered.*

Dated: July 14, 2009
White Plains, New York

_____
Stephen C. Robinson
United States District Judge